### In re MAILBLOCKS, INC., PATENT LITIGATION

### Mailblocks, Inc. v. Earthlink, Inc., C.D. California, C.A. No. 8:03–552

### Mailblocks, Inc. v. Spam Arrest, LLC, W.D. Washington, C.A. No. 2:03–77

### No. 1549.

Judicial Panel on Multidistrict Litigation.

Aug. 27, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Central District of California and the Western District of Washington.[1] Spam Arrest LLC, the defendant in the Washington action, moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of California. EarthLink, Inc., the defendant in the California action, also supports centralization in the Northern California district. The plaintiff in the two actions,

Mailblocks, Inc. (Mailblocks), opposes transfer. If the Panel does determine to order transfer, then Mailblocks would favor the Western District of Washington as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in both of the actions are the same two complex patents, which relate to methods for preventing or filtering unsolicited electronic mail messages. Both actions can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation of various claims of the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to time-consuming and complex matters of claims construction), and conserve the resources of the parties, their counsel and the judiciary.

Mailblocks argues that given the limited number of actions in this docket, it would be preferable to address any common matters through alternatives to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing both actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate needs while ensuring that common parties and witnesses are not involved in discovery

---

1. The Section 1407 motion, as filed, also pertained to two additional actions: *Mailblocks, Inc. v. MailFrontier, Inc.,* N.D. California, C.A. No. 3:03–221; and *Mailblocks, Inc. v. DigiPortal Software, Inc., et al.,* S.D. New York, C.A. No. 7:03–346. These actions were voluntarily dismissed by the plaintiff on May 14 and May 20, 2003, respectively. Accordingly, the question of Section 1407 transfer with respect to these two actions is now moot.

demands and other pretrial matters in one action which duplicate activity that has already occurred or would occur in the other action.

██ We are persuaded that the Western District of Washington is an appropriate transferee forum for this litigation. We note that the first-filed Washington action is already proceeding apace in that district. In contrast, no constituent action or related proceedings are still pending in the Northern District of California forum proffered by the MDL–1549 defendants as their choice for transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable John C. Coughenour for coordinated or consolidated pretrial proceedings with the action pending in that district.